*373 , The opinion of the Court was delivered by
■Tilghman, C. J.
This is an action of covenant brought by Henry Wertz, the nominal plaintiff below, for- the use of John Kipp, against the executors of Hugh Denison,'on a single bill for 1,000. dollars given by Denison to- Wertz, dated the,10th May, 1811, and payable the 10th May, 1812, “ provided Denison received possession oft the property he had purchased of Wertz, and if possession should not by that time be delivered to him, then the said sum of 1,000 dollars was to be payable on Denison's receiving possession according to the article of agreement between him and Wertz.” By these articles dated the l'Oth May, 1811, Wertz agreed to sell to Denison, in consideration of 4,000 dollars, a certain tavern, and part of two lots of ground in the borough of Bed-ford, then in the occupation of Thomas* Moore, subject'to a term which was to expire on the 15th, November, 1814. Denison was to have the rent to become due from the 1st April, 1811, at the rate of 240 dollars per annum. It was agreed that an advance should be made to prevail on Moore to surrender the term before the time limited for its-.expiration, and Denison’s last payment for 1,000 dollars for which the single bill now in suit was given, Was to depend on the time pf his receiving possession. In pursuance of this, agreement,' Wertz conveved the property to Denison, and - as the title was disputed, he also gave him a bond ..of indemnity, with sureties. On the 20th January, 18)3,, Denison, who. had received possession, entered into-articles of agreement with Moore, _the tenant, by which he agreed to sell the property to him, for 5,000 dollars, and give him a conveyance on. the 1st June, 1814; up to which day Moaré was to pay rent to Denison, at the same rate as the, present rent. Wertz assigned the single bill of Denison to John Kipp, for whose use this suit was brought. Qn the trial, the defendants set up a claim against Wertz, by way of discount, viz. that Wertz had received from Moore part of the rent, which according to the articles of agreement was to go to Denison, for the amount of which, with-interest, they were entitled to a credit. There was another article also for which they claimed credit.. In the lease from Wertz to Moore, which was in existence at the time of Wertz’s sale to Denison, was *374 included a five acre lot, besides the property sold to Denison, f°r which, Moore was to pay a rent of 240 dollars a year. It was proved, that Moore could not enjoy this five acre lot, because Wertz.had sold it to Doctor Anderson. Evidence. . , was given that it was worth about thirty dollars a year, and the defendants contended, that as Moore had a right'to deduct thirty dollars a year from the rent, they were entitled to- a credit for the same against Wertz.- Whether Wertz had received any of the rent which ought to have gone to Denison, and if any, How much, was matter of dispute between the parties. Oh the conclusion of the evidence, the President of the .Court of Common Pleas, gave a charge to the jury in which several errors were assigned, which we are now to consider.
1. It is assigned‘for error, that the jury were instructed « that Denison obtained possession of the property purchased of Wertz, on the 20th January, 1813, by virtue of the articles of agreement with Moore, bearing date that day.” This opinion was certainly correct. When Moore agreed to purchase, and -Denison-agreed to sell, the possession was virtually delivered to ,Denison. So both parties considered it, for they made a new' agreement as to the rent, viz. that Moore was to pay rent up. to .the time of receiving his conveyance, at the same rate as before. This|amounted -to a surrender of the existing léase. There is no error therefore, on that point. - ■ ' .
2. It is said, the Court ought to have charged the jury, that the defendants were entitled to a credit of thirty dollars a. year, on account of the five acre lot. The charge was, that as Denison did not purchase the five acre lot of Wertz, and Moore did not object to paying the whole rént of 214 dollars a year, it was, immaterial to Denison, whether Moore enjoyed that.lot or not. I perceive no error here. Wer.tz covenanted that Denison should receive rent from Moore, amounting to 214 dollars a year, and Moore claimed no deduction on account-of the five acre lot; he went on to pay 214 dollars a year. So we must -take the facts to be, for on that statement of facts the law was declared to the jury. What right then had Der\ison to a discount, when he received all that Wertz covenanted he should receive ? If he had lost part of *375 the rent of 240 dollars, he might have recourse to Wertz for satisfaction. But having lost nothing, he can have nothing to claim.
3. The third error is, that the jury were told, “ that after the agreement between Denison and Moore, Denison was estopped from saying that Moore had paid the rent to Wertz, before Wertz had sold to Denison.” In the assignment of this error, the charge of the Court is not accurately Stated. What the Court said, was, “ that-after Moore had agreed.to pay the rent to Denison, neither Denison nor Moore can say that it was extinguished by a payment to 'Wertz ; for here is a new covenant to pay to Denison, and by Denison to look to Moore for it, from that date.” This is sound reasoning. Although Moore had made a payment to Wertz, yet if he afterwards agreed to pay to Denison, it was all that Denison could ask. It was all that Wertz covenanted for. And as for Moore, he could not plead in bar of his covenant, that he had made payment to Wertz, before . he covenanted to pay to Denison. But what was the covenant between Moore and Denison ? It is in these words. . “ The. rent of the premises shall be paid by the . ¿aid Thomas Moore, to the said.Hugh Denison, at the present rate, up till the.first day of June next.” ' I think it is confined to the rent between the date the articles, and the 1st June, 1-814. This appears from the expressions, at the present rate, because these expressions could with no prdpriety be applied to the rent which had become due before ; nor was there any occasion to make provision for that rent. It was a debt, which would not be extinguished by the sale to Moore. But it might be- supposed that the articles of agreement dissolved the old relationship of landlord and tenant, which existed between Denison and Moore, by virtue of the old lease, and therefore if it was intended that Moore should continue to pay rent, it was necessary to ascertain precisely how long he was to pay it, and at what rate. The construction of this covenant, was great im'portance-to the defendants, because if it did'pot embrace the rent due before the.date of the articles, then the defendants might support their claim- to set off against'the plaintiff the amount of rent due before the date of the articles, which the jury might think that Wertz had improperly ceived of -Moore; and so the Court charged, the jury. But *376 the construction of the covenant was expressly left to the jury, and this is the fourth error assigned. .
4. l agree with the President of the Court of Common Pleas, in-all the opinions he has expressed ; bút I must differ from him as to the propriety of withholding his opinion from the jury on the construction of this agreement. This is a matter of very great importance. The security of property depends on it; for there is no appeal from the decision of a jury. The injured party may indeed move fora hew trial, but that the Court may grant or refuse, at its, discretion. It is the right therefore, of every suitor, to have the opinion of the Court on such matters as by the law of the land the Court is bound to decide, and one of these matters is the construction of written contracts. There may be cases, in which, extrinsic circumstances are'so connected with a writing as to render iti necessary to leave the whole to the jury. But this was not such a case. Here was an agreement to pay rent, intermingled’with no facts which operated on the construction. The jury indeed would have had to decide, in case it had been material in this action, what was the'Tate of the present rent, but the time for which it was to be'paid, was to be determined from the writing itself, and was exclusively the province of the Court. This principle has so often been decided,, and is so well settled, that it is hardly necessary to cite authority in support of it. T will refer however to opinions delivered by this Court, in the cases of Welsh v. Dusar, 3 Binn. 337, and Wharf v. Howell, 5 Binn. 503 and to the opinion of the Supreme Court of the United States-, in the case of Levy v. Gadsby 3 Cranch, 186-, Upon the whole then, I am of opinion, that there is no error in the record, except in leaving to the jury, the construction of the articles of agreement between Denison and Moore. But in that there is error, and therefore the judgment must be reversed, and a venire facias de novo awarded. ' ' •
Judgment reversed, and a venire facias . de novo awarded.